### Ex Parte Will Goodwin.

No. 505.   Decided February 10, 1910.

**Bail—Habeas Corpus—Excessive Bond.**
    See opinion stating reasons for reducing relator's bail.

Appeal from the District Court of Stephens.   Tried below before the Hon. T. L. Blanton.
    Appeal from a habeas corpus proceeding asking the court to fix bail. The opinion states the case.

*A. J. Power,* for relator.—Cited Ex parte Newman, 38 Texas Crim. Rep., 164; 21 Cyc., page 325.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 30th day of January of this year a complaint was filed against relator charging him with the murder of one Joe Goodwin. On February 5 he sued out a writ of habeas corpus before Hon. T. L. Blanton, Judge of the 42d Judicial District of Texas, seeking his release, and praying that he be discharged from restraint and confinement in which he was held by the sheriff of Stephens County by virtue of a warrant issued on said complaint. On hearing, which was had on February 7 of last year, relator was remanded to the custody of the sheriff aforesaid until he should make bond in the sum of ten thousand dollars, conditioned and to be approved as provided by law.

The record discloses that the application was submitted upon a statement of facts as ascertained at an inquest proceeding held by F. H. Remington, justice of the peace of Precinct No. 6 in Stephens County, on January 25, 1910. This statement we have carefully examined. It is quite incomplete, and the case, as we believe, was not very fully developed either for the State or the relator. There are some matters not made clear by the record. We are reluctant, in view of this fact, to make an order in conflict with the judgment of the court below, but in view of the slight evidence of guilt developed in the record, we feel like the sum of bail required by the court was and is excessive. There is, however, some evidence, which we need not here recite, indicating that relator must have had more knowledge of and probably complicity in the murder of his father than other portions of the testimony would seem to indicate. On the whole case we think that the sum required as bail is excessive, and the judgment of the court below is here reformed, and relator is remanded to the custody of the sheriff until he should give bond in the sum of $1500, to be conditioned and approved as by law required.

*Reformed.*